Ex parte CHOW JUYAN.

(District Court, S. D. California, N. D. First Division.    September 11, 1916.)

Nos. 15907–15910.

PHYSICIANS AND SURGEONS ☞2—STATUTE REGULATING PRACTICE—CONSTITUTIONALITY.

Act Cal. June 2, 1913 (St. 1913, p. 722), regulating the practice of medicine, *held* not invalid as in violation of the Constitution of the United States.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. § 2; Dec. Dig. ☞2.]

Petitions for writs of habeas corpus by Chow Juyan, Tom J. Chong, Chow Juyan and Chow Let, and Yak Q. Gine.    On demurrers.    Writs denied.

Philaletha Michelsen and Twain Michelsen, of San Francisco, Cal., for petitioners.

Charles M. Fickert, Dist. Atty., of San Francisco, Cal., for respondent.

DOOLING, District Judge.    These petitions, involving the same questions, were heard together.    The petitioners are Chinese who practice the art of healing by the use of herbs.    They were convicted in the state courts for practicing without the medical certificate which is required in California by the Act of June 2, 1913 (Stats. of Cal. 1913, p. 722).    This conviction having been upheld by the District Court of Appeals, and an application to the Supreme Court of the State of California for a writ of habeas corpus having been denied, a similar application was made to this court, and an order to show cause thereupon issued.

The sufficiency of the petition is now challenged by demurrer.    The basis of the petition is the alleged unconstitutionality of the act above mentioned.    This act, it is claimed, is unconstitutional for a number of reasons.    It is claimed that the title is defective; but such defect, if it exist, is one solely under the state Constitution, and the courts of the state have held the act to be valid.

It is further urged that the act is unconstitutional because of its provisions regulating drugless healers, in that it defines the drugless practitioner as one who treats diseases without the use of drugs and without in any manner severing or penetrating any of the tissues of human beings except the severing of the umbilical cord.    The argument is that such practitioners do continually by manipulation and adjustment sever the tissues of human beings in using their particular mode of treatment.    The District Court of Appeals disposes of

this contention by the statement that it is evident from the whole context that the word "sever" as therein used means a severance by cutting. In addition, it may be said that petitioners are not drugless practitioners, and the provision in question does not affect them. It is also urged that the act is unconstitutional as applied to petitioners because it gives to the board of medical examiners the power arbitrarily to determine the fitness of applicants for certificates and the standard of colleges as a matter of mere personal approval, without regard to any standard fixed by the Legislature itself, and that such delegation of power is unconstitutional. But such delegation, even if conceded, contravenes no provision of the Constitution of the United States, nor any law of Congress, that has been called to my attention. Whether or no it contravenes a provision of the state Constitution is a matter within the cognizance of the courts of the state, and they have held that it does not. It is also urged that the act interferes with interstate commerce because it prohibits or unduly burdens the sale of imported herbs. But it does not prohibit the sale of such herbs, and, if it burdens such sale, it is only because the seller, in addition to selling the herbs, acts also as a physician in prescribing their use, and the prescribing is burdened to the extent that the prescriber must have the medical certificate required. It is not Chinese herbalists alone who must secure such certificate, but all herbalists; that is to say, all persons who treat others by the use of drugs, whether exclusively herbal drugs, or otherwise.

There appears no reason why this court should interfere with the enforcement of the act in question, and the demurrers are therefore sustained, and the petitions for writ of habeas corpus are denied, and such order will be entered in each case.